UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JOSEPH LUMPKIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | CASE NO. C23-0368JLR<br><br>ORDER |

Before the court are (1) *pro se* Plaintiff Robert Joseph Lumpkin's complaint for damages (Compl. (Dkt. # 5)) and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Lumpkin's application to proceed *in forma pauperis* ("IFP") and recommending that the court review his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4)).  Under 28 U.S.C. § 1915(e)(2), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

ORDER - 1

1 (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).
2 The court has considered Mr. Lumpkin's complaint and the governing law. Being fully
3 advised, the court DISMISSES Mr. Lumpkin's complaint without prejudice and with
4 leave to amend.

5 **II.   BACKGROUND**

6 Mr. Lumpkin files this action seeking money from Defendant the Department of
7 Justice (the "DOJ"). (*See* Compl.) Mr. Lumpkin alleges that his "complaint" prompted
8 the DOJ to reach a "toxic water settlement" and he is therefore owed a portion of the
9 settlement. (*Id*. at 5.) Mr. Lumpkin does not provide any information that would allow
10 the court or the DOJ to identify the settlement or the amount of money he believes he is
11 owed, nor does he cite any legal authority entitling him to a portion of the alleged
12 settlement. (*See generally id*.) Mr. Lumpkin also states that his complaint is "for a civil
13 case alleging that the defendant owes the plaintiff a sum of money." (*Id*. at 1.)

14 **III.   ANALYSIS**

15 Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed
16 IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the action
17 fails to state a claim; or (3) the action seeks relief from a defendant who is immune from
18 such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim is
19 proper when there is either a "lack of a cognizable legal theory or the absence of
20 sufficient facts alleged." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
21 1990). Because Mr. Lumpkin is a *pro se* plaintiff, the court must construe his pleadings
22 liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, his

complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a) (requiring a pleading to "contain . . . a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief").

Here, Mr. Lumpkin's complaint is subject to dismissal because he fails to state a claim for relief. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a). Mr. Lumpkin does not identify any legal authority for his entitlement to money or any facts to support his right to recover. (*See generally* Compl.) Mr. Lumpkin also fails to identify a basis for this court's jurisdiction over the alleged controversy. (*Id*. at 3-4 (leaving blank the sections of the form regarding jurisdiction).) This court cannot entertain claims over which it lacks subject matter jurisdiction. *See, e.g., Emiabata v. Bank of N.Y. Mellon Tr. Co. NA/J Morgan Chase (SLS)*, No. 17-cv-1302JLR, 2017 WL 4838840, at *1 (W.D. Wash. Oct. 3, 2017) (dismissing IFP complaint under 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Finally, the court is also concerned that Mr. Lumpkin's complaint against the DOJ is barred by sovereign immunity. The United States, as a sovereign, may not be sued

1  without its consent, and the terms of its consent define the court's jurisdiction. *United*
2  *States v. Dalm*, 494 U.S. 596, 608 (1990). A waiver of the United States' sovereign
3  immunity must be unequivocally expressed in statutory text. *Lane v. Pena*, 518 U.S. 187,
4  192 (1996). Mr. Lumpkin does not identify any such express waiver of sovereign
5  immunity that would entitle him to collect compensation from the DOJ. (*See generally*
6  Compl.)

7  When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff
8  leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in
9  the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the
10 Ninth Circuit's liberal policy favoring amendment, the court GRANTS Mr. Lumpkin
11 leave to file an amended complaint. If he does so, he must include short, plain statements
12 setting forth (1) the constitutional or statutory provision he believes entitles him to relief,
13 (2) the basis for this court's subject matter jurisdiction; (3) factual allegations supporting
14 his claim; and (4) the express waiver of sovereign immunity that allows him to recover
15 against the United States. Mr. Lumpkin shall file his amended complaint, if any, no later
16 than **March 31, 2023**. If Mr. Lumpkin fails to timely comply with this order or fails to
17 file an amended complaint that remedies the deficiencies discussed in this order, the court
18 will dismiss his complaint without leave to amend.
19 //
20 //
21 //
22 //

## IV.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Lumpkin's complaint (Dkt. # 5) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified herein by no later than **March 31, 2023**.

Dated this 15th day of March, 2023.

JAMES L. ROBART
United States District Judge